**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 10-04163-JW |
| | Chapter 13 |
| Dana Michael Pierce and Terri Lea Pierce, | **ORDER GRANTING MOTION FOR RECONSIDERATION** |
| Debtor(s). | |

This matter arises upon a Motion for Reconsideration ("Motion") filed by Dana Michael Pierce and Terri Lea Pierce, filed, September 19, 2014, which seeks reconsideration of an Order Granting Relief from Stay to Bank of America, NA ("BOA"), entered on August 18, 2014. Relief from stay was ordered based upon BOA's allegations that the Debtors failed to make direct payments to BOA pursuant to their confirmed Chapter 13 Plan. BOA responded in opposition to the Motion and a hearing was held.

At the hearing, counsel for BOA initially indicated that the matter was resolved because the Debtors had been accepted by BOA for consideration of a mortgage modification one day before the hearing. Upon qualifying for mortgage modification, the Debtors' obligations/payments may be changed or reduced, thereby bringing the Debtors into a "current" status with BOA. However, upon inquiry by the Court, BOA nevertheless strongly opposed the Motion.

In their Motion, the Debtors admitted a failure to make payments but averred such failure was upon instruction by BOA as part of an ongoing discussion regarding mortgage modification. In support of the Debtors' Motion, Mr. Pierce testified that the Debtors had sought to refinance or modify their mortgage with BOA since 2011 and stopped making direct payments pursuant to the plan in January of 2013 only after

express verbal instructions by BOA. The instruction was given because the Debtors "were so far behind that all arrearages would have to be addressed in the mortgage modification."

Mr. Pierce specifically identified the agent of BOA who provided the instruction and the names of the various other BOA modification contacts that followed. It was only in October of 2013 that he was reassigned an authorized agent to consider his modification request, but at that late date, the documents supporting the Debtors' request were stale and had to be resubmitted. BOA's initial offer of relief was still unaffordable to the Debtors so they continued dialogue with BOA up and until the hearing before the Court.

Mr. Pierce further testified that at no time was he told that his cessation of direct payments was a problem or that a relief from stay motion was being filed—despite speaking to a BOA representative every three days for the preceding three-month period. The Court found Mr. Pierce's testimony credible and supported by the exactness of the information he provided.

BOA responds by asserting that the Debtors never successfully submitted the information necessary for it to consider mortgage modification or other forms of loss mitigation and presented a series of form letters sent to the Debtors which preserved its right to collect. BOA presented no testimony or other evidence to directly refute the Debtors' testimony.

The facts presented in this case are not unlike those presented in many other cases regarding mortgage modification attempts—long lasting disputes between debtors and lenders regarding the adequacy and completeness of debtors' submissions and the receipt

by debtors of contrary or sporadic verbal instructions by lenders' purported representatives.[1]

The evidence in this case convinces the Court that the failure to pay by the Debtors is pursuant to BOA's instructions and therefore should not serve as the basis for relief from stay.  Accordingly, the Court finds that sufficient cause exists to grant relief from the Order Granting Relief from Stay pursuant to Fed. R. Civ. P. 60(b), which is made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024.  Based upon the foregoing, it is hereby

ORDERED that the Order Granting Relief from Stay, entered August 18, 2014, is vacated.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**11/19/2014**



US Bankruptcy Judge
District of South Carolina

Entered: 11/19/2014

---

[1] It is for this reason that the undersigned encourages the use of the Loss Mitigation/Mortgage Modification procedure in his Chambers Guidelines, which utilizes a real time and transparent online portal as the means of communication by parties seeking mortgage modification or loss mitigation in bankruptcy cases assigned to him.